IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **BETH DAY,** | : | |
| | | Case No. 1:12-CV-00273 |
| Plaintiff, | : | |
| | | Chief Judge Susan J. Dlott |
| v. | : | |
| | | **ORDER GRANTING DEFENDANT** |
| **NORWOOD CITY SCHOOL DISTRICT,** | : | **NORWOOD CITY SCHOOL** |
| *et al.*, | | **DISTRICT'S MOTION TO** |
| | : | **DISMISS** |
| Defendants. | | |

This matter is before the Court on Defendant Norwood City School District's Motion to Dismiss.  (Doc. 2.)  For the reasons that follow, the motion is **GRANTED**.

**I.     BACKGROUND**

The following facts are taken from the Complaint.  Plaintiff is the noncustodial parent of a minor child who is enrolled in the Norwood City School District (the "District").  The child has resided with his father and legal custodian, Kevin Haley, since August 8, 2003.  On or about March 9, 2007, Haley provided the District with a copy of a court order indicating that he is the sole custodian of the child.  This order was placed in the child's student file.

On February 19, 2008, Defendant Joseph Morgenroth, the District's truancy officer, filed a truancy complaint with the Hamilton County Juvenile Court stating that the child was truant from school.  The truancy complaint inaccurately listed Plaintiff as the child's custodial parent, but provided Haley's address as the address for Plaintiff.  Based on the truancy complaint, the court sent the summons requiring Plaintiff to appear at a hearing on the truancy charge to

Haley's address. Plaintiff did not receive the summons and, consequently, Plaintiff did not attend the hearing. The court then issued a warrant for Plaintiff's arrest.

On April 5, 2010, Plaintiff was arrested pursuant to the warrant. Plaintiff was fingerprinted, booked and placed in a holding cell with "multiple criminals" for a period of several hours during which she allegedly was "subjected to abuse, insult and humiliation." Sometime later Plaintiff was taken to a cell in the county jail. She was held for approximately six hours total.

Following her release, Plaintiff met with Morgenroth at Norwood High School. Morgenroth acknowledged the mistake and, rather than contacting the prosecuting attorney himself, Morgenroth provided Plaintiff with a note which stated that the charges against her should be dropped as they were filed due to a "clerical error." Plaintiff brought the note to a court hearing on April 28, 2010, wherein the charges were dismissed.

On April 4, 2012, Plaintiff filed a complaint against the District and Morgenroth. (Doc. 1.) In a subsequent filing, Plaintiff articulated her two claims as follows: (1) Morgenroth caused Plaintiff to be arrested without probable cause in violation of the Fourth and Fourteenth Amendments when he provided inaccurate information in the truancy report; and (2) the District violated 42 U.S.C. § 1983 by failing to train its truancy officers. (Doc. 3.)

The District now moves to dismiss the § 1983 claim. (Doc. 2.)

## II.    STANDARD

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as

factual allegations, which are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Harvard v. Wayne Cty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (internal quotation or citation omitted). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

### III.  ANALYSIS

Although a local government entity may not be sued under § 1983 on a *respondeat superior* theory of liability, the entity may be subject to § 1983 liability for inadequate training of its employees that directly causes constitutional injury. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Monell v. New York Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). A § 1983 claim based on failure-to-train allegations requires proof that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the [local government entity's] deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)). In order to make these showings, the "plaintiff [must] do more than point to something the [local government entity] could have done

to prevent the unfortunate incident." *Kahlich v. City of Grosse Pointe Farms*, 120 F. App'x 580, 585 (6th Cir. 2005) (citing *City of Canton*, 489 U.S. at 392). To show deliberate indifference, "Plaintiff 'must show prior instances of unconstitutional conduct demonstrating that [the local government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Plinton v. Cty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)).

The District argues that the § 1983 claim must be dismissed because Plaintiff failed to allege facts in support of the failure-to-train allegations. The Court agrees. Plaintiff asserts that the District "failed to institute policies and procedures reasonably calculated to insure that its truant officers did not mistakenly charge non-custodial parents with truancy" and that this failure "caused deprivation of Plaintiff's liberty without probable cause in violation of the Fourth and Fourteenth Amendments." (Compl. ¶ 26, Doc. 1 at Page ID # 5.)

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Plaintiff's complaint is such a pleading. Plaintiff recites the elements to a § 1983 claim and asserts legal conclusions, but does not assert any facts regarding a training program by the District or deliberate indifference on the part of the District. At most, Plaintiff alleges that Morgenroth was negligent and that his alleged negligence is attributable to the District. However, these allegations alone cannot form the basis for imposing liability or causation for failure to train under § 1983 on the part of the District. As a result, the Court will dismiss the § 1983 claim against the District.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Norwood City School District's Motion to Dismiss. (Doc. 2.)

IT IS SO ORDERED.

s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court