IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Beth Day, | : |
| | :   Case No. 1:12-cv-273 |
|         Plaintiff, | : |
| v. | : |
| Norwood City School District, et al., | : |
|         Defendants. | : |

**O R D E R**

This matter is before the Court on Defendant Joseph Morgenroth's motion for summary judgment (Doc. No. 15). For the reasons that follow, Defendant's motion for summary judgment is well-taken and is **GRANTED.**

I. Background

By February 2008, Justyn Haley, then a student at Norwood Middle School, had amassed fifteen unexcused absences during the school year. Defendant Joseph Morgenroth, then the truant officer for the Norwood City School District, received information from the middle school principal that Justyn had exceeded the maximum allowable number of unexcused absences.

The information the school principal provided to Morgenroth, and which Morgenroth cross-checked on the computerized "Student Master Record," reported that Plaintiff Beth Day, listed on the record as Beth Haley, and Kevin Haley were Justyn's parents and that they lived at 5016 Linden Avenue in Norwood. Morgenroth also verified the number of Justyn's absences. Morgenroth then proceeded to swear out a

complaint against Plaintiff in juvenile court for allowing Justyn's truancy.

Unbeknownst to Morgenroth, Plaintiff and Kevin Haley had divorced by the time Justyn's truancy had become a problem and, moreover, that Kevin Haley had been made Justyn's residential parent for school purposes in a shared parenting order. Kevin Haley was responsible for enrolling Justyn in the School District and had in fact had provided the School District with a paper copy of the court order showing that he was Justyn's residential parent. That fact, however, was not recorded in the computerized Student Master Record.

In any event, in March 2008 the juvenile court issued a summons for Plaintiff to appear to answer the truancy complaint. Not surprisingly, Plaintiff failed to answer the summons because Morgenroth had the court serve it at the Linden Avenue address, where she did not live. After Plaintiff missed a second appearance in April 2008, the juvenile court issued a warrant to arrest her for failure to appear.

That warrant remained outstanding until April 2010, when Plaintiff was arrested by Hamilton County Sheriff's Deputies. The deputies transported Plaintiff to the Hamilton County Justice Center. Plaintiff was detained in a cell there for about six hours until she was bailed out by a friend. Shortly thereafter, Plaintiff went to the middle school and obtained a paper copy of the shared parenting order from the school secretary. Plaintiff then showed the court order to Morgenroth and Morgenroth agreed that she was not responsible for Justyn's truancy. Morgenroth wrote a letter to the juvenile court requesting it to dismiss the complaint against Plaintiff. Plaintiff was required to appear in court one more time but the complaint was dismissed on April 28, 2010.

In April 2012, Plaintiff sued Morgenroth in his individual capacity and the Norwood City School District under 42 U.S.C. § 1983 for alleged constitutional violations that resulted in her arrest. She alleged that the School District failed to adequately train its truant officers, causing a deprivation of her rights under the Fourth and Fourteenth Amendments. Chief Judge Dlott, however, dismissed that claim on motion of the School District pursuant to Rule 12(b)(6). Doc. No. 11. Plaintiff also asserted a claim against Morgenroth for malicious prosecution under the Fourth Amendment. This claim essentially alleges that Morgenroth failed to conduct an adequate investigation before he filed the truancy complaint against Plaintiff. The complaint alleges further that had Morgenroth conducted a reasonable investigation, he would have discovered that Plaintiff was not Justyn's custodial parent and hence not responsible for his truancy.

Following the close of discovery, Morgenroth filed the instant motion for summary judgment, which has been fully briefed. The parties also filed proposed undisputed facts with their memoranda. Chief Judge Dlott transferred this case to the undersigned October 4, 2013. Morgenroth's motion for summary judgment is now ready for disposition.

## II. Summary Judgment Standard of Review

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his

pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. Guarino v. Brookfield Township Trs., 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. Anderson, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. "If the evidence is merely colorable, . . . or is not significantly probative, . . . the court may grant judgment." Anderson, 477 U.S. at 249-50 (citations omitted).

### III. Analysis

4

As stated above, Plaintiff filed a claim for malicious prosecution against Morgenroth, contending that he violated her rights under the Fourth Amendment by conducting an inadequate investigation that led to her wrongful arrest.  She contends essentially that Morgenroth should have conducted a more thorough investigation before filing a truancy complaint against her and that had he done so, he would have discovered that the school possessed records showing that she was not Justyn's custodial parent.  She also thinks that Morgenroth should have realized that perhaps something was amiss when she failed to appear in court twice to answer the complaint and that this should have prompted him to look into the matter again.

Morgenroth's motion for summary judgment argues, however, that although he was mistaken as to the facts, he relied in good faith on the information provided to him by the school principal as well as the information he reviewed on the school database. He states that he proceeded in this case the same way he did in many other previous cases and that he has never known the records he used to be inaccurate.  He contends that he did not have access to the paper records held by the school secretary and thus could not have known about the shared parenting order that Plaintiff ultimately showed him.  Morgenroth notes also that Plaintiff admitted her in deposition that he only acted carelessly in filing the complaint against her.  Morgenroth contends, therefore, that Plaintiff has failed to even demonstrate a constitutional violation.  In any event, he argues that he is entitled to qualified immunity because he acted in an objectively reasonable manner.

As the Sixth Circuit has observed, the title "malicious prosecution" is something of a misnomer because a plaintiff is not required to prove that the officer acted with

5

malice to prevail on a malicious prosecution claim.  Sykes v. Anderson, 625 F.3d 294, 310 (6th Cir. 2010).   A malicious prosecution plaintiff is, however, required to prove the following three elements: 1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced or participated in the decision to prosecute; 2) there was a lack of probable cause for the criminal prosecution; and 3) that as a result of the legal proceeding, the plaintiff suffered a deprivation of liberty.  Id. at 308-09.  The first and third elements are not in dispute here.  Morgenroth initiated the truancy complaint against Plaintiff and she ultimately suffered a deprivation of her liberty as result of the filing of the complaint.  The important question is whether Morgenroth lacked probable cause to initiate the prosecution.

When a malicious prosecution claim is based on an affidavit the officer submitted to the court, as occurred in this case, lack of probable cause is shown by proof that the officer knowingly made false or misleading statements to the court or made statements to the court in reckless disregard for the truth.  Wolgast v. Richards, 389 Fed. Appx. 494, 502 (6th Cir. 2010).  In this case, Plaintiff concedes that Morgenroth did not deliberately make any false statements to the court when he filed the truancy complaint. See Plaint. Memo in Opp. (Doc. No. 22) at 6 (admitting that "there is no indication that Morgenroth stated a deliberate falsehood"); Plaint. Resp. to Defendant's Proposed Undisputed Facts (Doc. No. 27) ¶ 16  (admitting that Morgenroth acted carelessly). Since Plaintiff concedes that Morgenroth did not deliberately lie to the court, the question on summary judgment boils down to whether any facts show that he acted in reckless disregard for the truth.  An officer acts in reckless disregard for the truth  when he "in fact entertained serious doubts about the truth of the affidavit[] or had obvious

6

reasons to doubt the accuracy of the information contained therein." United States v. Cican, 63 Fed. Appx. 832, 835-36 (6th Cir. 2003). The record does not support a finding, however, that Morgenroth recklessly disregarded the truth in his affidavit to the juvenile court.

Plaintiff concedes that the number of Justyn's unexcused absences were sufficient for Morgenroth to file a truancy complaint against the custodial parents or parent. Plaint. Resp. to Defendant's Proposed Undisputed Facts (Doc. No. 27) ¶ 1. The issue thus becomes whether Morgenroth recklessly disregarded the truth when he averred that Plaintiff was the responsible custodial parent. Plaintiff, however, has not shown that Morgenroth subjectively entertained doubts about the accuracy of the statement that she was the custodial parent. She admits that the information provided to Morgenroth by the principal, as well as the information on the database that Morgenroth accessed, showed that she and Kevin Haley were Justyn's parents and guardians. Id. ¶¶ 6,7. Indeed, according to Morgenroth, he has never known the information provided to him by the principal or contained in the database to be inaccurate and that in over 200 cases, he had never mistakenly summoned a non-custodial parent to court using the same process. Morgenroth Aff. (Doc. No. 15-2) ¶¶ 8, 16. Nothing in the record, therefore, indicates that Morgenroth subjectively entertained doubts about the accuracy of his affidavit.

Nor does the record support a conclusion that Morgenroth had obvious reasons to doubt that Plaintiff was a custodial parent of Justyn. The facts that Plaintiff points to are not obvious red flags. First, Plaintiff points out that the computer database does not specifically designate which parent is custodial. While that much is true, the computer

7

record does state that Justyn's parents are "Kevin/Beth Haley" and there is only one residential address indicated. Doc. No. 15-2, at 4. A reasonable person reading this record would conclude that the Haley family lived together and that, therefore, Beth Haley was a custodial parent of the student. Second, Plaintiff contends that it is common for children to have divorced parents or come from single parent homes and that, therefore, Morgenroth should have done more to confirm who had custody of Justyn. The first part of Plaintiff's argument is true but beside the point. Plaintiff has failed to point to facts showing that should have made it obvious to Morgenroth that Justyn's parents where divorced and did not live together. Third, Plaintiff attempts to charge Morgenroth with constructive knowledge of the shared parenting order designating Kevin Haley as the responsible custodial parent. Plaintiff, however, has not adduced any facts indicating that Morgenroth was aware or should have been aware that the shared parenting order was on file somewhere else with the School District. Fourth, Plaintiff argues that Morgenroth should have known something was wrong with his affidavit when she failed to appear in court on two occasions. The Court disagrees. People fail to answer court summonses for many reasons and the fact that Plaintiff did not appear to answer the court summons in this case did not obviously indicate that she was not Justyn's custodial parent.

      This record simply does not permit a reasonable juror to conclude that Morgenroth knowingly or recklessly made false statements in swearing out his truancy complaint to the juvenile court. Indeed, the record fairly conclusively shows that Morgenroth acted in good faith on the information before him in concluding that Plaintiff was a custodial parent of Justyn, which is sufficient to defeat Plaintiff's claim. See

Sykes, 625 F.3d at 310 n.6 ("When an officer is sued for malicious prosecution stemming from false but good-faith statements in a warrant affidavit, the officer will prevail[.]"). The essential gravamen of Plaintiff's complaint is that she would not have been arrested had Morgenroth conducted a better, more thorough investigation into who Justyn's custodial parent was. But this is nothing more than claiming that Morgenroth acted negligently and negligent conduct is insufficient to support a § 1983 claim. Fisher v. City of Memphis, 234 F.3d 312, 317 (6th Cir. 2000). Like Plaintiff, the Court is disconcerted that Morgenroth chose only to charge the custodial mother, and not the custodial father, for Justyn's truancy and his reasons for doing so were unjustifiable to say the least.[1] This conduct, however, indicates an equal protection violation, a claim that Plaintiff has not pled.

Accordingly, for all of the above reasons, Defendant's motion for summary judgment is well-taken and is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date October 16, 2013            s/Sandra S. Beckwith
                                             Sandra S. Beckwith
                                        Senior United States District Judge

---

[1] Morgenroth testified that he usually only filed complaints against the mothers so that the fathers did not have to miss work, apparently not considering the fact that the mothers might also have jobs and would have to miss work if they were summoned to court. Morgenroth Dep. at 28-29.

9